**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PROLINK HOLDINGS CORP.**, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 11 C 300 |
| v. | ) ) | Judge Ronald A. Guzmán |
| **FEDERAL INSURANCE COMPANY**, an Indiana corporation, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff seeks a declaration of its rights under an insurance policy issued by defendant. The case is before the Court on defendant's Federal Rule of Civil Procedure ("Rule") 12(c) motion for judgment on the pleadings and plaintiff's Rule 56 motion for summary judgment. For the reasons set forth below, the Court grants defendant's motion and denies plaintiff's motion.

**Facts**

On August 23, 2007, defendant issued an insurance policy to plaintiff for the period April 24, 2007 to April 24, 2008. (Compl., Ex. 1, Policy 1.) The policy provides coverage for "damages that the insured becomes legally obligated to pay by reason of liability" for: (1) "bodily injury or property damage caused by an occurrence . . . . that occurs during the policy period"; and (2) "advertising injury or personal injury . . . . caused by an offense that is first committed during the policy period." (*Id.* 3.) The policy defines "property damage" as "physical injury to tangible property" or "loss of use of tangible property that is not physically injured." (*Id.* 31.) It defines "advertising injury" as "an injury other than bodily injury, property damage or personal injury . . .

caused by [the insured's] offense of infringing" upon another's copyrighted advertisement or registered trade, service or collective mark in the insured's advertisement of its goods, products or services. (*Id.* 25.) The policy defines "personal injury" to include that "caused by an offense of . . . electronic, oral, written or other publication of material that . . . libels or slanders a person or organization (which does not include disparagement of goods, products, property or services)." (*Id.* 30.) With exceptions not relevant here, the policy does not cover "any actual or alleged . . . injury arising out of, giving rise to or in any way related to any actual or alleged . . . infringement or violation . . . of any intellectual property law or right," including patent infringement and unfair competition. (*Id.* 17, 27.) The policy also does not cover any personal injury arising out of an offense that the insured intends, or a reasonable person would expect, to cause injury. (*Id.* 14.)

On July 16, 2008, GPS Industries, Inc. sued plaintiff alleging that it falsely claimed ownership of or license rights to one of GPS' patents and purported to assign security interests in the patent to two creditors. (*See* Compl., Ex. 2, Compl. ¶¶ 23-39, *GPS Indus., Inc. v. ProLink Solutions, LLC*, No. 08 C 4028 (N.D. Ill. 2008) ("GPS Suit").) GPS alleged, among other things, that plaintiff was liable for slander of title and unfair competition. (*Id.* ¶¶ 40-44.)

Plaintiff tendered defense of the GPS suit to defendant, which denied that the suit fell within the scope of the policy. (Answer ¶¶ 20-21.) Thereafter, plaintiff filed this suit for declaratory relief.

**Discussion**

For either party to prevail on its motion, the movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Alexander v. City of Chi.*, 994 F.2d 333, 336 (7th Cir. 1993) (stating that a motion for

judgment on the pleadings that addresses the merits of a case is subject to the summary judgment standard). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment or judgment on the pleadings is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

The parties disagree both about the source and content of the law governing this dispute. Plaintiff contends that Arizona law controls and that, unlike the law of Illinois, it permits the Court to consider extrinsic evidence in determining whether there is a duty to defend. Defendant argues that both states bar the Court from looking beyond the allegations of the GPS Suit to determine whether there is a duty to defend, and because there is no conflict, the forum's law controls. The Court need not decide the issue, however, because even if the laws conflict, the choice of law would not affect the outcome of these motions. *See Int'l Adm'rs, Inc. v, Life Ins. Co. of N. Am.*, 753 F.2d 1373, 176 n.4 (7th Cir. 1985) ("Conflicts rules are appealed to only when a difference in law will make a difference to the outcome.").

In its lawsuit, GPS alleged that plaintiff had engaged in unfair competition and slandered GPS' title to the '518 Patent by falsely claiming that it owned the Patent and assigning security interests in it to various lenders. (*See* GPS Suit ¶¶ 23-39.) Unlike defamation, which protects an individual's interest in his reputation, slander of title protects the injured party's economic interests. Restatement (Second) of Torts § 623A, cmt (g); *see id.* § 624 (stating that the rules in § 623A apply to slander of title claims). Consequently, though emotional damages are recoverable for defamation, damages for slander of title are limited to "[the] specific pecuniary losses resulting from the

3

slander." *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, No. 00 C 1164, 2003 WL 259142, at *5 (N.D. Ill. Feb. 4, 2003). The policy does not provide coverage for this kind of loss. (*See* Compl, Ex. 1, Policy 3, 30-31 (stating that the policy covers the insured's liability for "physical injury to tangible property" or "loss of use of tangible property that is not physically injured" (property damage), infringing another's copyright or trademark in its advertising (advertising injury) and defamation of "a person or organization" but not "goods, products, property or services" (personal injury).) Thus, defendant asserts it has no duty to defend.

Plaintiff, on the other hand, contends that the duty-to-defend analysis is controlled by the facts alleged by GPS, not the legal theories it invokes. *See Economy Fire & Cas. Co. v. Brumfield*, 894 N.E.2d 421, 425 (Ill. App. Ct. 2008) ("If the facts alleged in the complaint against the insured fall within or potentially fall within the policy's coverage, the insurer has a duty to defend . . . ."); *Kepner v. W. Fire Ins. Co.*, 509 P.2d 222, 224 (Ariz. 1973) ("If the complaint in the action brought against the insured upon its face alleges facts which come within the coverage of the liability policy, the insurer is obligated to assume the defense . . . ." (quotation omitted)). Moreover, plaintiff says those facts suggest that it defamed GPS, *i.e.*, said GPS was lying about its interest in the '518 Patent, each time plaintiff claimed to own the Patent. *See* Restatement (Second) of Torts § 561 (stating that "[o]ne who publishes defamatory matter concerning a corporation is subject to liability . . . if . . . the matter tends to prejudice [the corporation] in the conduct of its business or to deter others from dealing with it"). Because defamation of "a person or organization" is a "personal injury" as defined by the policy, plaintiff says defendant has a duty to defend.

The policy, however, bars coverage for otherwise eligible personal injuries that: (1) are caused by an offense first committed outside the policy period; (2) "aris[e] out of, giv[e] rise to, or

[are] in any way related to any actual or alleged . . . assertion . . . or infringement or violation . . . of an intellectual property law or right"; or (3) arise out of an act or offense that the insured intends, or a reasonable person would expect, to cause injury. (Compl., Ex. 1, Policy 3, 13-14, 17, 27.) Any defamation claim implicitly asserted in the GPS Suit is based on the intentional and false assertions of patent ownership plaintiff allegedly made starting in June 2006, nearly a year before the start of the policy period. (*See id.* 1 (stating that policy period is April 24, 2007 to April 24, 2008); *id.*, Ex. 2, GPS Suit ¶¶ 23-26.)[1] Thus, the plain language of the insurance policy excludes coverage for the explicit slander of title claim and any implicit defamation claim GPS asserts against plaintiff. Defendant does not, therefore, have a duty to defend plaintiff in the GPS Suit.

**Conclusion**

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment [30], grants defendant's motion for judgment on the pleadings [22] and enters judgment on the complaint in favor of defendant and against plaintiff. This case is terminated.

**SO ORDERED.**                                                  **ENTER: October 14, 2011**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

---

[1]Plaintiff argues that the first occurrence exclusion does not apply because defendant issued an identical policy to plaintiff for the April 24, 2006-April 24, 2007 period. (*See* Pl.'s Reply Def.'s Resp. Pl.'s Cross-Mot. Summ. J. 3.) Because plaintiff raised this issue for the first and only time in its summary judgment reply brief, the Court deems it to be waived. *Burks v. U.S. Postal Serv.*, No. 08 C 5869, 2009 WL 1097508, at *3 n.5 (N.D. Ill. Apr. 17, 2009) ("[I]t is well settled that parties waive arguments raised for the first time in reply . . . .").